UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACKIE L. HUSTON,

        Plaintiff,

    v.                                          Civil No. 07-1626-HA

                                           OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

       Plaintiff Jackie L. Huston seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying her application for Disability Insurance Benefits

(DIB) and Supplemental Security Income (SSI).  This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.

**STANDARDS**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner

meets this burden, the claimant is deemed not disabled for purposes of determining benefits

eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of

benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so

long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ).

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035

(9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision.  *Reddick*, 157 F.3d at 720.

**FACTS**

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here.  Plaintiff was thirty-eight years old at the alleged disability onset date and forty-nine years old at the time of the ALJ's decision that is the subject of this appeal.  Plaintiff has a high school education.  Plaintiff has past relevant work experience as a truck driver.

Plaintiff protectively applied for benefits on November 1, 1995, alleging disability beginning December 7, 1993.  Plaintiff alleges disability from physical and mental impairments including: headaches, balance problems, mild left hemiparesis, fatigue, obesity, depression, memory problems, and other residual problems resulting from a brain stem stroke.

Plaintiff's application was denied initially and on reconsideration.  An ALJ conducted a hearing on June 18, 1997, at which he heard testimony from plaintiff, who was represented by counsel, plaintiff's father, and a vocational expert (VE).  On November 5, 1997, the ALJ issued a decision finding that plaintiff was not disabled.  That decision was vacated and remanded by the Appeals Council on December 9, 1998.  The ALJ held a second hearing on July 14, 1999 at which he heard testimony from plaintiff, who was represented by counsel, plaintiff's mother, a medical expert, and a VE.  The ALJ issued a second unfavorable decision that was also vacated by the Appeals Council.  The Appeals Council remanded plaintiff's case to a different ALJ noting that the first ALJ "did not discuss the lay witness testimony of the claimant's parents" and that the ALJ "must consider all of the evidence in the case record including any statements by the claimant and other persons such as family and friends."  Tr. 660.[1]

---

[1]  Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

On July 20, 2007, the new ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDING

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date.  Tr. 34, Finding 2.

At step two, the ALJ found that plaintiff had the following medically determinable severe impairments: a history of brain stem stroke, a history of substance abuse in remission, a history of mild left hemiparesis and impaired vision, left knee problems, somatoform disorder, depression, and headaches.  Tr. 35, Finding 3.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  *Id*.

The ALJ determined that plaintiff's RFC limits her to lifting and carrying more than ten pounds frequently and only occasionally twenty pounds.  Tr. 35, Finding 5.  The ALJ determined that plaintiff is unable to work at unprotected heights or in locations where poor balance would create problems.  *Id*.  Additionally the ALJ found that plaintiff has difficulty bending over, looking up, climbing stairs repetitively, and reading extensively.  *Id*.  The ALJ determined that plaintiff should have limited interactions with coworkers and the general public, and that she cannot perform team work or follow complex instructions.  *Id*

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work.  Tr. 35, Finding 6.

At step five, the ALJ, after consulting with a VE, found that there are jobs that exist in

6- OPINION AND ORDER

significant numbers in the national economy that plaintiff could perform.  Tr. 35, Finding 10.

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further proceedings or an award of benefits due to a number of alleged errors including: (1) failing to consider the testimony of a lay witness, (2) providing an incomplete hypothetical to the VE, and (3) improperly treating the opinion of an examining doctor.

Plaintiff argues that the ALJ erred in failing to consider the written and oral testimony of plaintiff's father, Jack Scherer.  At the outset of the hearing, the ALJ decided that she would not consider the testimony of Scherer and informed plaintiff's counsel that he could "appeal it if you don't agree." Tr. 899.  The ALJ reasoned that because the Appeals Council remand in 1998 had not mentioned the testimony of Scherer in 1997, and only plaintiff's mother had testified in 1999, there was no need to consider the oral or written testimony of Scherer, as it had apparently been adequately dealt with in 1997.  Tr. 900.  Plaintiff's counsel argued that not only had the Appeals Council specifically requested that she consider the testimony of both parents but that Scherer's testimony constituted evidence "in today's hearing and should be evaluated by Your Honor to make a decision with regard to the issue of disability." Tr. 900.  The ALJ decided that there was no need to consider for a second time what had already been considered once.  Tr. 901.  Plaintiff's counsel pointed out that the ALJ had a recorded transcript of the prior hearings for her consideration and the ALJ responded that "we can't spend all our time listening to tapes." Tr. 901.

This court is baffled at the ALJ's refusal to consider relevant evidence in the record before her.  The ALJ need not have reinvented the wheel with respect to Scherer's testimony, but at the very minimum, she was required to consider the evidence in the record.  This is especially

7- OPINION AND ORDER

troubling given that the ALJ was directed to consider precisely that evidence by the Appeals Council and explicitly chose not to.  This was not a mere oversight or mistake.

The Commissioner concedes that the ALJ committed legal error in failing to consider the testimony and written statements of Scherer.  However, the Commissioner argues that the limitations identified by Scherer were already incorporated into plaintiff's RFC or were not credible and, as such, the ALJ's error was harmless.  All of the limitations identified by Scherer were not incorporated in plaintiff's RFC and the Commissioner cannot now argue Scherer's statements were based entirely on plaintiff's subjective complaints.  The Commissioner invites "this court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally." *Pinto v. Massanari*, 249 F.3d 840, 847-48 (2001).  This court must decline as this court cannot affirm the "decision of the agency on a ground the agency did not invoke in making its decision." *Id.* at 847.  Moreover, it is clear from the record that at least some of Scherer's statements are based on personal observation rather than plaintiff's subjective statements.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The decision whether to remand for further proceedings turns upon the likely utility of such proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.  Moreover, this court concludes that it is appropriate that these further proceedings take place before a different ALJ.

Pursuant to this remand, the new ALJ is instructed to consider the *entire* record.  The ALJ shall pay particular attention to the lay testimony of *both* parents, as well as the Mental

8- OPINION AND ORDER

Residual Functional Capacity form completed by Dr. Sullivan.  If necessary, the ALJ should

consult with a medical expert to determine the severity of plaintiff's impairments.  The new ALJ

shall also provide adequate explanations establishing that all medical evidence and all lay

witness testimony was considered in accordance with all applicable standards and laws, and fully

evaluated in the assessment of plaintiff's possible eligibility for benefits.

It has now been fourteen years since plaintiff first applied for benefits, and the

Commissioner has failed to provide a legally sound decision in that time.  It is with reluctance

that this court remands this case to the Commissioner for further proceedings.  However, as this

court finds that further proceedings are necessary, the Commissioner is instructed to act with

diligence and urgency, such that justice is not further delayed.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C.

§ 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR

FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   30   day of March, 2009.


         /s/ Ancer L. Haggerty
            Ancer L. Haggerty
         United States District Judge


9- OPINION AND ORDER